GENERAL CAS. CO. OF AMERICA et al.
v. UNITED STATES.

No. 47331.

United States Court of Claims.

Decided Jan. 8, 1952.

Clifford B. Kimberly, Kansas City, Mo., for the plaintiff.

John I. Heise, Jr., Washington, D. C., Newell A. Clapp, Acting Asst. Atty. Gen.,

and Carl Eardley, Washington, D. C., for the defendants.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

HOWELL, Judge.

 Defendant has demurred to the first count of plaintiffs' petition on the ground that it fails to state a cause of action.[1]

The first count of plaintiffs' petition seeks recovery under the War Contracts Hardship Claims Act, otherwise known as the Lucas Act.[2] Paragraph 13 of the first count alleges, among other things, that numerous written requests for relief were sent to the contracting agency with respect to losses suffered by the plaintiffs from "conditions of hardship." At a pre-trial conference before a commission of this court, plaintiffs offered in evidence the letters referred to by date in paragraph 13 of the first count of their petition, and also certain other letters. It was agreed between the parties that, by leave of the court, the petition might be considered amended to include in paragraphs 13 and 15 of the first count all of the letters offered and received in evidence. Following the pre-trial conference, defendant withdrew its general traverse and demurred to the first count of plaintiffs' petition as amended.

In general, plaintiffs allege that a contract was entered into on May 18, 1943, between defendant and plaintiff Daugherty; that during the performance of the contract, the contractor, without fault or negligence, suffered losses with respect to which written requests for relief were filed with the contracting agency on or before August 14, 1945.

It is defendant's contention that the various requests for relief relied on by the plaintiffs do not satisfy the rule laid down by the Supreme Court in the case of Fogar-

1. Pursuant to the Rules of the United States Court of Claims, as revised May 15, 1951, defendant's demurrer would be treated as a motion to dismiss for failure to state a claim upon which relief could be granted, under Rule 16(b), 28 U.S.C. A.

2. Public Law, 657, 79th Congress, 2nd Session, 60 Stat. 902, amended June 25, 1948, Public Law 773, 80th Congress, 2nd Session, 62 Stat. 869, 992, 41 U.S.C.A. § 106 note.

ty v. United States, 340 U.S. 8, 71 S.Ct. 5, 95 L.Ed. 10, in that all such requests related to contractual relief and not to extra-legal relief which might have been afforded plaintiffs under the First War Powers Act.[3] Unless the requests relied upon by plaintiffs constitute requests for extra-legal relief, the first count of plaintiffs' petition does not state facts sufficient to constitute a cause of action.

The first group of letters dated February 4, February 10, and March 3, 1944, all relate to plaintiffs' contention that conditions encountered on the job differed materially from those indicated in the contract specifications, and that plaintiffs were entitled to have certain excavation reclassified under the terms of the contract.

The letter of March 9, 1944, from the sureties upon the performance and payment bonds, to the contracting agency, stated that certain additional work required under the contract could not be done at contract unit prices and that such new work was in fact more than a change as defined by Article 3 of the contract. The sureties asked that the letter be considered as an appeal from a decision of the contracting officer dated February 25, 1944, in which that officer refused to grant an equitable adjustment in this matter and insisted that the work be done at the original contract unit prices. The writers asked for the agency's opinion as to whether or not the new work constituted a "change" and also asked consideration of their proposal that the new work be negotiated for as a separate contract on a cost-plus basis.

The letter of February 17, 1945, to the contracting agency, was presumably written by plaintiffs' counsel and stated that claim was being made for additional compensation for labor performed and materials and equipment furnished by direction of the contracting officer and for which no compensation had been allowed. The letter then listed the various items for which additional compensation was claimed. Those items included a restatement of claims previously made, all of which constituted disputes arising under the contract, such as improper classification of excavated material, changes in the plans and specifications, changed conditions in the soil, and disputes concerning the application of Executive Order 9240, 40 U.S.C.A. § 326 note. The letter closed with a request for the agency's prompt consideration and for a determination of the matters presented.

The next letter relied on by plaintiffs was a letter dated June 4, 1945, to the attorney for plaintiffs, from the acting executive officer of the Civil Aeronautics Administration, denying plaintiffs' claims relative to the classification of excavated material, the cost of installing a central mixing plant, the claim for equipment rental, and the claim for double compensation for overtime. In a letter of June 16, 1945, to the Administrator of Civil Aeronautics Administration, plaintiffs appealed the agency's determination of June 4 to the head of the department.

In a letter dated July 3, 1945, to the Administrator of the Civil Aeronautics Administration, plaintiffs' attorney requested a conference with respect to their appeal to the head of the department. In a letter dated August 22, 1945, the acting administrator of Civil Aeronautics Administration denied all of plaintiffs' claims. In a letter dated December 15, 1948, the acting administrator of the Civil Aeronautics Administration wrote to plaintiffs stating that in view of the fact that all of plaintiffs' letters to the agency requested relief under their contract, the agency saw no basis for considering plaintiffs' claims under the Lucas Act and that their claims made pursuant to that Act were therefore denied.

█ It does appear that all the letters relied upon by plaintiffs related to claims for contractual relief and were so treated by plaintiffs and by the contracting agency. The second count of plaintiffs' petition is a claim for damages under the contract in question and is based on the same facts as those alleged in plaintiffs' Lucas Act claim in the first count of their petition. It, therefore, appears that plaintiffs did not have on file with the contracting agency requests for extra-legal relief and that, ac-

3. 50 U.S.C.A.Appendix, § 611.

cordingly, the first count of their petition does not state a cause of action under the Lucas Act.

Defendant's demurrer is sustained, and the first count of plaintiffs' petition is dismissed.

It is so ordered.